

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND,<br>    Plaintiffs<br><br>vs.<br><br>ODF CONTRACTING CO., INC.,<br>    Defendant<br><br>and<br><br>CITIZENS BANK,<br>    Trustee | C.A. No. 03-12550 NG |

## MEMORANDUM IN SUPPORT OF EX PARTE
## MOTION FOR ATTACHMENT BY TRUSTEE PROCESS

This is an action to enforce the terms of a collective bargaining agreement and the terms of employee benefit plans.

Pursuant to Rule 64, Fed.R.Civ.P., M.G.L. c. 246, and Rule 4.2(g) Mass.R.Civ.P., plaintiffs Paul J. McNally, as he is Trustee, et al, are entitled to an *ex parte* prejudgment attachment if they can demonstrate that they are likely to recover judgment in an amount equal to or greater than the amount of the attachment requested and if the defendant is likely to dissipate or transfer the assets. For the reasons stated below, plaintiffs have satisfied the requirements for

an Ex Parte Order of Attachment by Trustee Process of the bank account(s) of ODF Contracting Co., Inc. ("ODF") currently held by Citizens Bank.

## I. THERE IS A REASONABLE LIKELIHOOD PLAINTIFFS WILL RECOVER JUDGMENT.

ODF is signatory to a short form collective bargaining agreement with the Massachusetts Laborers' District Council and is bound thereby to contribute to the Massachusetts Laborers' Benefit Funds ("the Funds") on behalf of all laborers covered by that agreement. Complaint, Exhibits A and B. ODF owes the Funds $80,481.08 in unpaid contributions for work it performed between November, 2002 and August, 2003 and an as yet unliquidated amount for work performed between September 1, 2003 and the present. See Affidavit of Funds' Collection Agent Philip Mackay ("Mackay Aff."), par. 8. This evidence is sufficient to find that ODF is liable to the Funds for these unpaid contributions.

Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132, provides that in any action brought to enforce §1145 of ERISA, the Court shall award the Plan the unpaid contributions, interest on the unpaid contributions, an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the Plan, reasonable attorneys' fees and costs and such other legal or equitable action as the Court deems appropriate. ODF currently owes the Funds $70,848.12 in underpayments and interest due on late paid contributions. In addition, if the $80,481.08 in unpaid contributions were paid by December 31, 2003, ODF would owe the Funds $3,435.98 in interest thereon. Liquidated damages of at least $16,096.22 are also due under the terms of the collective bargaining agreement. Mackay Aff., pars. 11, 12. Finally, ODF owes at least $4,875.00 in fees and $267.62 in costs. See Affidavit of Anne R. Sills. This evidence is sufficient to find that ODF is also

liable for $74,284.10 in underpayments and interest, plus damages of $16,096.22 and $5,142.62 in attorneys' fees and costs. This total unpaid liability is at least $170,861.40, the amount of the trustee process.

There is a reasonable likelihood that plaintiffs will prevail in this action.

## II. THERE IS A CLEAR DANGER THAT IF NOTIFIED IN ADVANCE OF THE ATTACHMENT, DEFENDANT WILL TRANSFER THE ASSETS.

To date, ODF has failed and refused to pay the Funds the $80,481.08 in unpaid benefit fund contributions it owes through August, 2003 and has made no payments at all toward its liability for September, October and November, 2003. This conduct is indicative of a debtor who is deliberately avoiding its financial obligations. Thus, there is a clear danger that defendant will withdraw, conceal and/or dissipate its bank account assets if notified of this motion.

## III. PLAINTIFFS NEED NOT POST A BOND UNDER M.G.L. c. 246, §1.

No bond need be filed in an action for trustee process where the Complaint states that the action is inter alia for money due under a contract in writing. M.G.L. c. 246, §1. The unpaid contributions, interest, damages, attorneys' fees and costs sought in this action are all due under the terms of defendant's collective bargaining agreement with the Massachusetts Laborers' District Council. Complaint, Exhibit A; Certificate Re Trustee Process. As the Complaint seeks money due under the terms of a contract in writing, no bond is required.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs request that this Court allow their Ex Parte Motion for Attachment by Trustee Process.

Respectfully submitted,

PAUL J. MCNALLY, as he is
TRUSTEE, MASSACHUSETTS
LABORERS' HEALTH AND WELFARE
FUND, et al,

By their attorneys,

_____
Anne R. Sills, Esquire
BBO #546576
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA 02108
(617) 742-0208

Dated: December 23, 2003

ARS/ars&ts
6306 03-189/memsupexp.doc

4